UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cr-00017-TWP-VTW |
| | ) |
| CORNELIO MORAN-MIRANDA | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter is before the Court on Defendant Cornelio Moran-Miranda ("Moran-Miranda") Motion to Suppress Evidence Unlawfully Obtained, (Filing No. 26). Moran-Miranda, is charged by Indictment with Count 1: Possession with Intent to Distribute Cocaine, Count 2: Possession with Intent to Distribute Methamphetamine, Count 3: Possession with Intent to Distribute Heroin, and Count 4: Possession of a Firearm with an Obliterated Serial Number. (Filing No. 13.) He seeks suppression of all items seized pursuant to a state court search warrant issued without probable cause. For the following reasons, Moran-Miranda's Motion is **denied**.

**I.     BACKGROUND**

ln May 2021, New Albany (Indiana) Police Officer Travis Miller ("Officer Miller") received information from a detective with the Clarksville (Indiana) Police Department that Moran-Miranda was living at a specific address on Maryland Avenue in New Albany, Indiana, and was selling cocaine, methamphetamine, and marijuana. The detective also informed Officer Miller that Moran-Miranda drove a black Ford F-l50 truck. (Filing No. 35 at 2.)

On May 13, 2021, Officer Miller responded to the residence on Maryland Avenue for the purpose of searching the household trash discarded by the residents. Officer Miller observed that

the trash containers utilized at the address were placed at the edge of the road directly in front of the residence, along Maryland Avenue, where trash was commonly retrieved by refuse collection personnel on Thursday of each week. Officer Miller, assisted by another officer, searched seven trash bags. Inside one trash bag, Officer Miller located approximately 38 plastic bags with ripped-off or twisted-off corners, as well as several corner ends of plastic bags. Based on his training and experience investigating crimes involving the use and sale of illicit narcotics, Officer Miller recognized these items as materials consistent with the sale of contraband substances. He then swabbed a piece of one plastic bag with a narcotics field test kit, which tested positive for methamphetamine. *Id.*

Officer Miller returned to the residence on May 24, 2021, to conduct physical surveillance. He observed a Hispanic male and female exit the front door of the residence and enter a black Ford F-150 truck. Officer Miller followed the truck as it proceeded to The Home Depot located on State Street in New Albany. Officer Miller observed the pair enter The Home Depot store, and then exit with several long cylinder-shaped white colored PVC pipes which they loaded into the bed of the truck. Officer Miller then followed the truck back to Maryland Avenue address. *Id*. at 2-3.

On May 27, 2021, Officer Miller again returned to the Maryland Avenue address to search the household trash discarded by the residents. The trash containers were again placed at the edge of the road directly in front of the residence, along Maryland Avenue, where trash was commonly retrieved by refuse collection personnel. Officer Miller—assisted by three other officers—located and searched six trash bags. In one of the trash bags, he located approximately 20 plastic bags, the majority of which had missing ends, as well as three receipts from The Home Depot store. Based on his training and experience, Officer Miller recognized the plastic bags as materials consistent with the use and sale of controlled substances. He field tested a white residue located

inside one of the plastic bag corners with a narcotics field test kit, which tested positive for methamphetamine. Inside a smaller trash bag, Officer Miller located approximately 31 plastic bags, the majority of which had missing ends, which he recognized as materials consistent with the use and sale of controlled substances. Officer Miller again field tested a white residue located inside one of the plastic corner bags with a narcotics field test kit, and this substance also tested positive for methamphetamine. Officer Miller also located twelve receipts from The Home Depot, one of which indicated the purchase of PVC pipes and was stamped with a date, time, and address consistent with the physical surveillance Officer Miller conducted on May 24, 2021. *Id.* at 3.

On June 1, 2021, the Floyd County (Indiana) Prosecutor's Office presented Officer Miller's Probable Cause Affidavit for a search warrant to search the Maryland Avenue residence and Ford F-150 to a Floyd County Judge. The judge found probable cause, signed the search warrant and later that day, law enforcement officers executed the warrant at the Maryland Avenue address. The officers searched the residence and the black Ford F-l50 and seized approximately 7.75 pounds of cocaine, 2.75 pounds of methamphetamine, 1.41 ounces of heroin, a 9mm handgun with an obliterated serial number, a .308 caliber rifle, a .22 caliber rifle, a .22 caliber UZI style handgun, digital scales, and $20,462.00 in U.S. currency. *Id*. at 4. Moran-Miranda, the sole occupant of the residence at the time of the search, was arrested.

On July 22, 2021, the Grand Jury indicted Moran-Miranda for all the counts charged. (Filing No. 13.) On August 9, 2021, Moran-Miranda filed the instant motion to suppress. (Filing No. 26.)

## II.  DISCUSSION

Moran-Miranda asserts that the "probable cause affidavit for [the] search warrant was so lacking that the request for [the] search warrant should have been denied by the trial court judge" and therefore, the evidence seized should be suppressed.  (Filing No. 26 at 2.)  He also requests an evidentiary hearing.  The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

A court finds the existence of probable cause "when, based on the totality of the circumstances, the government presents a judge with evidence showing a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Carswell*, 996 F.3d 785, 791 (7th Cir. 2021).  "If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985).  And "[w]here the police have acted pursuant to a warrant, the independent determination of probable cause by a magistrate gives rise to a presumption that the arrest or search was legal." *Id.*  Probable cause affidavits supporting applications for warrants are to be "read as a whole in a realistic and common sense manner," and "doubtful cases should be resolved in favor of upholding the warrant." *United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000) (citation omitted).

### A.  There is no need for an evidentiary hearing

As an initial matter, the Court finds that there is no need for an evidentiary hearing.  It is well established that "[e]videntiary **hearings** are not **required** as a matter of course." *United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018) (quoting *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) (emphasis added)).  Rather, the district court must hold an

4

evidentiary hearing only "when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011). Here, both parties submit as evidence Officer Miller's probable cause affidavit, and Moran-Miranda does not dispute the factual allegations. Because there are no factual disputes to be resolved regarding the Motion to Suppress, no evidentiary hearing is necessary and Moran-Miranda's Motion may be decided without a hearing.

**B.     There was probable cause to issue the search warrant**

Moran-Miranda cites no case law regarding searches and seizure of evidence, or regarding the lack of probable cause to support the issuance of a search warrant to support his request for suppression of the evidence seized. He merely argues that "[t]he probable cause affidavit for [the] search warrant was so lacking…" and Officer Miller "knew or should have known the grounds for issuance of the search warrant were insufficient and therefor he should not be allowed to rely on the good faith exception to the warrant requirement to justify the search and seizure." (Filing No. 26 at 3.)

On the other hand, the Government provides a plethora of law to support that Officer Miller's affidavit established probable cause. The Government points out that examination of trash left for pickup outside of a residence is a common investigative tool to establish probable cause, and cites to *California v. Greenwood*, 486 U.S. 35, 40 (1988) (finding no reasonable expectation of privacy in garbage bags left for collection in an area accessible to the public). The presence of contraband inside discarded garbage bags raises the probability that law enforcement will locate additional contraband inside the residence from which the bags originated. *See*, e.g., *United States v. McDufu*, 636F.3d 361, 364 (7th Cir. 2011) ("[E]ven a tiny bit of discarded drugs increases the likelihood that police will find more in the home."); *United States v. Billian*, 600 F.3d 791, 794

(7th Cir. 2010) (noting small quantities of marijuana in defendant's trash indicated that there was marijuana in his house, not that small quantities were all he possessed). And a district court in Wisconsin determined probable cause existed where "three times in five weeks the police found in Sykes's trash between 13 and 44 "cornered" plastic baggies, many powdered with white residue, which when tested (twice), showed the presence of cocaine" this evidence "easily established probable cause that someone was packaging cocaine for resale inside the house". *See United States v. Sykes*, 2009 WL 2476550, at *2 (W.D. Wis. Aug. 1 1, 2009).

      The Government argues persuasively that *United States v. Leonard*, 884 F.3d 730 (7th Cir.2018), is instructive. In *Leonard*, based on a tip that illegal drugs were being sold at a particular address, officers on two occasions one week apart, searched sealed trash bags left in a public alley outside of that residence. *Id* at 732. Similar to the facts here, on both occasions, the trash bags contained residue that tested positive for illegal drugs. *Id*. The officers in *Leonard* presented this information to a state court judge and obtained a warrant to search the residence. Leonard asserted that the two positive tests were insufficient to support probable cause for a search warrant of his residence. The Seventh Circuit disagreed and held that "two trash pulls taken a week apart, both testing positive for cannabis, are sufficient standing alone to establish probable cause for a warrant." *Id*. at 734-35. The court emphasized that "[w]hile one search turning up marijuana in the trash might be a fluke, two indicate a trend," noting that "multiple positive tests of different trash pulls within a fairly short time" would "suggest[] repeated and ongoing drug activity in the residence and create[] a fair probability that more drugs remain in the home." *Id* at 734 (citation and quotations omitted).

      Probable cause to issue a search warrant is established when the information in the supporting affidavit, taken as a whole, provides information that would lead a reasonable person

6

to believe there is a fair probability that contraband or evidence of a crime will be found. *United States v. Curry,* 538 F.3d 718, 729 (7th Cir.2008). Moran-Miranda provides no specific argument as to why the trial court judge should have denied the search warrant based on the facts set out in the affidavit. He ignores the evidence that was provided in support of the application for the search warrant. Taken as a whole, the evidence presented in Officer Miller's affidavit clearly supported probable cause for issuance of the search warrant, and the evidence seized need not be suppressed.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Moran-Miranda's Motion to Suppress Evidence Unlawfully Obtained, (Filing No. 26).

**SO ORDERED.**

Date: 11/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick J. Renn
prenn@600westmain.com

Kristian Mukoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristian.mukoski@usdoj.gov